IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Douglas Landis,              )<br>                                       )<br>         Petitioner,            )<br>                                       )<br> vs.                                 )<br>                                       )<br>Dave L. Krabbenhoft,     )<br>                                       )<br>         Respondent.         ) | **ORDER OF GRANTING MOTION TO DISMISS**<br><br>Case No. 1:22-cv-094 |

Before the Court is a Motion to Dismiss Section 2254 Petition by Respondent on June 27, 2022. For the reasons that follow, the court grants Respondent's motion and dismisses Petitioner Douglas Landis's ("Landis") petition for habeas corpus without prejudice.

I.    **BACKGROUND**

   A.    **Underlying Criminal Proceedings**

On January 9, 2019, the Mountrail County state's attorney charged Landis with two counts of negligent homicide in violation of N.D.C.C. §§ 12.1-16-03 and 12.1-32-01(4). (Doc. No. 7-2). Following a three-day trial in August 2020, a jury convicted Landis of both counts. (Doc. Nos. 7-4 through 7-8). On November 18, 2020, the state district court entered judgment, sentencing Landis to a term of imprisonment of 36 months, with 18 months suspended, and 3 years probation. (Doc. Nos. 7-9, 7-10).

Landis appealed the district court's judgment, asserting there was insufficient evidence to support his conviction. (Doc. No. 7-11). The North Dakota Supreme Court affirmed the judgment in an opinion filed on April 20, 2021. (Doc. No. 7-14, State v. Landis, 2021 ND 69). Landis did not petition the United States Supreme Court for a writ of certiorari.

1

### B. State Petition for Habeas Corpus

On April 27, 2022, Landis filed a Petition for Writ of Habeas Corpus with the North Dakota Supreme Court. (Doc. Nos. 7-15, 7-16). In his petition he asserted a claim of ineffective assistance of appellate counsel, the essence of which was that appellate counsel had failed to assert on direct appeal a claim of ineffective assistance of trial counsel. (Doc. No. 7-15). On May 13, 2022, the North Dakota Supreme Court issued an order denying the petition without comment on its merit. (Doc. Nos. 7-15, 7-17).

### C. Federal Petition for Habeas Corpus Relief

Landis filed an "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with this court on June 1, 2022. (Doc. No. 1). In his petition he asserts:

> GROUND ONE: Sixth Amendment right violation for receiving ineffective assistance of counsel.
>
> Appellate counsel only raised on issue and failed to raise 4 issues with merit of Constitutional right violations. Specifically, appellate failed to raise ineffective assistance of trial counsel for 3 prejudicial errors, and failed to raise 3 Due Process errors by the trial court. Any one of said issues would have required the conviction to be reversed under well-established federal laws.

(Id.). Notably, he does not elaborate on how trial counsel was allegedly ineffective or on the substance of the trial court's alleged errors. Attached to his petition is a document captioned "Memorandum of Law" in which he lists a number of United States Supreme Court cases and the legal principles that they announced but does not apply these legal principles to the particular facts and circumstances of his case.

### D. Motion to Dismiss

On June 27, 2022, Respondent filed a motion to dismiss Landis's petition for failure to exhaust. (Doc. No. 5). Landis filed a response to Respondent's motion on July 7, 2022. (Doc. No.

8).

On September 26, 2022, the court issued an order in which it (1) deferred ruling on Respondent's motion pending receipt court can and should utilize the "stay-and-abeyance" procedure with respect to his Landis's petition, and (2) directed Landis to advise the court of what efforts, if any, he has undertaken to exhaust his state court remedies during the pendency of Respondent's motion. (Doc. No. 9).

Landis and Respondent filed their respective supplemental briefs on October 11 and 18, 2022. (Doc. Nos. 10, 12). Consequently, the court will proceed to rule on Respondent's motion to dismiss.

## II.   DISCUSSION

### A.   Timing of Landis's Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). It provides in relevant part that the statute of limitations commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). If certiorari was not sought, the judgment is considered final at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

As noted above, the North Dakota Supreme Court denied Landis's direct appeal on April 20, 2021. Landis's deadline to petition the United States Supreme Court for a writ of certiorari expired and his conviction was final for purposes of AEDPA on or about July 19, 2021. See § 2244(d)(1)(A)(ii); see also Sup. Ct. R. 13(1) (requiring petitions for a writ of certiorari to be filed

within 90 days after entry of the judgment); Sup Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."). AEDPA's statute of limitations was not tolled when Landis filed his habeas petition on June 1, 2022. Duncan v. Walker, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

Excluding the time during which his state habeas petition was pending before the North Dakota Supreme Court, approximately 301 days accrued against AEDPA's statute of limitations when Landis filed his habeas petition with this court on June 1, 2022, approximately 317 days had accrued when Respondent filed his Motion to Dismiss on June 27, 2022, and approximately 338 days had accrued when Landis filed his response in opposition to Respondent's motion on July 7, 2022.

Consequently, AEDPA's statute of limitations was days shy of expiring by the time Respondent's motion was ripe for the court's consideration and has since lapsed.

**B.    Landis's Failure to Exhaust Available State Remedies**

It is well settled that a petitioner is required to properly exhaust his state remedies before the federal district court can consider his habeas corpus petition. See 28 U.S.C. § 2254(b)–(c); Rhines v. Weber, 544 U.S. 269, 274 (2005); Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). Proper exhaustion has two components. First, the claim must be "fairly presented," which requires that the petitioner present both the factual and legal premises for the claim, with the latter being satisfied if there is a reference to the particular federal

constitutional right or a citation to a state or federal case that raises the constitutional issue. Duncan v. Henry, 513 U.S. 364, 365 (1995); Dansby v. Norris, 682 F.3d 711, 722–23 (8th Cir. 2012) (vacated on other grounds); Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

There are three other aspects of the exhaustion doctrine that are worth noting. The first is that the exhaustion doctrine is satisfied if there are no state-court remedies available and exhaustion would be futile, such as when the claim has been procedurally defaulted at the state-court level. E.g., Armstrong v. Iowa, 418 F.3d 924, 926–27 (8th Cir. 2005). The second is that Rose v. Lundy, 455 U.S. 509 (1982), prohibits a petitioner from proceeding with a "mixed petition" of exhausted and unexhausted claims. See also Rhines v. Weber, 544 U.S. at 273–74. The third is that § 2254(b)(2) authorizes the court to deny a claim on the merits notwithstanding a failure to exhaust. E.g., Gringas v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008).

Respondent's assertion that Landis failed to exhaust his state court remedies prior to filing the instant petition is borne out by the record. The State has an established procedure for addressing claims such as the ones being asserted by Landis post-conviction; state statute provides that an individual who has been convicted of and sentenced for a crime can file an application for post-conviction relief upon the following grounds:

> a. The conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota;
>
> b. The conviction was obtained under a statute that is in violation of the Constitution of the United States or the Constitution of North Dakota, or that the

    conduct for which the applicant was prosecuted is constitutionally protected;

    c. The court that rendered the judgment of conviction and sentence was without jurisdiction over the person of the applicant or the subject matter;

    d. The sentence is not authorized by law;

    e. Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice;

    f. A significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively;

    g. The sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or restrained; or

    h. The conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error available before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy.

N.D.C.C. § 29-32.1-01(1). It further provides that, except in circumstances that do not appear to be present here, an application for post-conviction relief must be filed within two years of the date the conviction becomes final. N.D.C.C. § 29-32-01(2).

    The present record makes it crystal clear that Landis did not avail himself to the post-conviction procedures established by state statute and file an application for post-conviction relief in state court prior to filing his habeas petition with this court. Consequently, he has not fairly presented his claims in state court much less given the state courts one full opportunity to resolve them. In other words, he yet to exhaust his available state remedies.

    Landis's assertion that he exhausted his state remedies with the filing of a habeas petition with the North Dakota Supreme Court is specious. The premise of the habeas petition filed by Landis with the North Dakota Supreme Court was that he had been denied effective assistance of appellate counsel on direct appeal because appellate counsel failed to raise issue of ineffective

assistance of trial counsel. Not surprisingly, the North Dakota Supreme Court summarily denied Landis's petition without comment on its merits as it is well-settled that ineffective assistance of counsel claims are not generally cognizable on direct appeal. See e.g., State v. Ricehill, 415 N.W.2d 481, 484 (N.D. 1987) ("Generally, an ineffective-assistance-of-counsel claim is more effectively presented in a post-conviction-relief proceeding because the court in those proceedings is the court before which the trial was held."); Cf. United States v. Stauch, 460 Fed. App'x 612 (8th Cir. 2012) (declining to consider a defendant's ineffective assistance of counsel claim on direct appeal). Consequently, the state courts have not yet had the opportunity to address the claims that Landis asserts in the habeas petition filed with this court.

Whether Landis realizes it or not, the North Dakota Supreme Court's denial of his habeas petition does not foreclose him from filing with the state district court an application for post-conviction relief. See e.g., State v. Ricehill, 415 N.W.2d 481, 484 (N.D. 1987) (affirming on direct appeal a defendant's judgment of conviction without prejudice and with the understanding that defendant "may raise the ineffective-assistance-of-counsel issue at a proceeding for post-conviction relief."). And it does not appear that Landis's window in which to file a state application for post-conviction relief has closed. As noted above, Landis has two years from the date on which his judgment is considered final to file such an application with the state courts. See N.D.C.C. § 29-32-01(2). Consequently, it would not be an exercise in futility to require Landis to exhaust his state remedies.

C. **Rhines** Stay-and-Abeyance Procedure

This court can proceed in one of two ways. First, it can dismiss Landis's habeas petition without prejudice. Second, it can perhaps stay Landis's habeas petition while he exhausts his state

court remedies. As noted above, Landis's limitations period under AEDPA has now lapsed, which could preclude Landis from returning and refiling his petition after he has exhausted his state court remedies (and assuming that he did not obtain the relief he sought).

In Rhines v. Weber, the United States Supreme Court authorized a "stay-and-abeyance" procedure that permits a federal district court to stay a federal habeas petition while the petitioner exhausts his unexhausted claims in state court. The Court authorized the procedure as one remedy for dealing with the problem created by (1) its decision in Rose v. Lundy, 455 U.S. 509 (1982), which prohibits consideration of "mixed petitions," that is, petitions containing both exhausted and unexhausted claims, and (2) Congress's later enactment of the one-year statute of limitations for federal habeas petitions in AEDPA. The problem is that AEDPA's one-year statute of limitations may run if a federal habeas petition is dismissed without prejudice while the petitioner returns to state court to pursue his unexhausted claims, effectively eliminating access to later federal court review. Rhines, 544 U.S. at 273-75.

Courts in the Third, Seventh, Ninth, and Tenth Circuits have held that the Rhines stay-and-abeyance procedure is not limited to mixed petitions, and a district court, in the exercise of its discretion, may stay a petition that contains only unexhausted claims. See e.g., Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016); Doe v. Jones, 762 F.3d 1174, 1181 (10th Cir. 2014); Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir. 2009) (leaving open the possibility of staying an unexhausted petition) ; Dolis v. Chambers, 454 F.3d 721, 724 (7th Cir.2006). The Eighth Circuit has yet to weigh in on this issue.

On September 26, 2022, the court ordered the parties to submit supplemental briefs on this issue, reasoning:

> The court need not decide the issue at present. It will simply assume, without deciding, that a Rhines stay might be appropriate even where a petition is completely unexhausted and will require the parties to file supplemental briefs on this issue. In the course of preparing their supplemental briefs, the parties should be mindful that, in Rhines, the United States Supreme Court said that the stay-and-abeyance procedure "should be available only in limited circumstances." Rhines, 544 U.S. at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.; see also, e.g., Howard v. Norris, 616 F.3d 799, 801 (8th Cir. 2010) (citing Rhines). Furthermore, even where good cause exists, a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless," and a district court should not grant a stay when a petitioner has engaged in abusive litigation tactics or intentional delay. Rhines, 544 U.S. at 277; see also, e.g., Howard, 616 F.3d at 801 (citing Rhines).

(Doc. No. 10).

On October 11, 2022, Landis filed a supplemental brief. Therein, he asserted that had complied with all procedural requirements when filing his habeas petition. However, he did not address what, if any efforts, he has undertaken to pursue his remedies in state court. He also did not address the propriety of the stay and abeyance procedure or otherwise request that the court stay his petition while he exhausts his state court remedies.

On October 18, 2022, Respondent filed his response to Landis's supplemental brief. He asserts simply that, based on the standards set forth in Rhines v. Weber, 544 U.S. 269, Landis has failed to demonstrate good cause to employ the "stay and abeyance" procedure with respect to his petition.

Having reviewed the parties supplemental briefs, the court in the exercise of its discretion, will not employ the "stay and abeyance" procedure in this case and instead dismiss Landis's petition without prejudice. Landis has not taken any apparent steps to exhaust his state court remedies. And it apparent from his supplemental brief that he no intention at present of pursuing his remedies in state court. If Landis has no intention pursuing his remedies in state court, then stay would serve

no real purpose.

### III.    CONCLUSION

Landis has failed to exhaust his state court remedies prior to initiating this action. Respondent's Motion to Dismiss (Doc. No. 5) is therefore **GRANTED**. Landis's petition (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court